United States District Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Dina Carolina Barrios Colmenares, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2381 |
| | § | |
| Martin Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DISMISSING PETITION**

Petitioner Dina Carolina Barrios Colmenares, proceeding *pro se*, filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Doc. 1. On January 21, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and remains in the custody of Respondent, Warden of the Houston Contract Detention Facility in Houston, Texas. *Id.* at 1, 6. She contends that her detention without a bond hearing violates her due process rights.[1] *Id.* at 6.

On June 22, 2026, the Court ordered the parties to file responsive briefing. Doc. 10. On July 6, 2026, Respondents filed a Response in which they conceded that Petitioner's continued detention without a bond hearing violated the Fifth Amendment's Due Process Clause as interpreted in the Fifth Circuit's then-precedential panel opinion in *Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026). *See* Doc. 11 at 2. However,

---

[1] The Petition does not specify whether Petitioner argues her detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 6. The Court assumes that Petitioner intends to raise both due process challenges.

Respondents argued that a reasonable amount of time should be provided to the immigration court system to address the *Sosnava Rodriguez* panel opinion. *Id.* Four days later, on July 10, 2026, the Fifth Circuit granted rehearing *en banc*, vacating the panel opinion on which Petitioner relies. *Sosnava Rodriguez v. Ortega*, 181 F.4th 608 (5th Cir. 2026). Petitioner did not file a Reply.

Petitioner was ordered removed on May 22, 2026, and the Board of Immigration Appeals ("BIA") dismissed her subsequent appeal on July 22, 2026. *See* Executive Office for Immigration Review, *Automated Case Information System*, https://acis.eoir.justice.gov/en (last visited August 19, 2026). Thus, Petitioner is subject to an administratively final removal order. *See Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) ("An order of removal becomes 'final' when the BIA affirms an [immigration judge's] finding of removability or when the time for appealing the IJ's decision has expired."). As such, Petitioner's detention is statutorily mandated for ninety days after July 22, 2026—unless Petitioner is removed during this removal period. 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General *shall* detain the alien.") (emphasis added); *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody.").

For these reasons, Petitioner does not have a viable claim that her ongoing detention is unlawful. Therefore, the petition for a writ of *habeas corpus* is DISMISSED WITHOUT PREJUDICE to Petitioner renewing her petition if she remains in custody after her ninety-day mandatory detention period expires. All pending motions are DENIED AS MOOT.

A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 27th of August, 2026.

Nicholas J. Ganjei
United States District Judge